12/21/2015 7:47:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8333728
By: Nelson Cuero
Filed: 12/21/2015 7:47:04 PM

## CAUSE NO.: _____

| | | |
|---|---|---|
| **JENNIFER TAYLOR, INDIVIDUALLY, AND AS NEXT FRIEND OF S.T. and C.T., MINOR CHILDREN** | § § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § § § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **THE CITY OF STAFFORD, THE CITY OF STAFFORD HEALTH CARE BENEFIT PLAN, UMR, UMR, INC. UNITEDHEALTH GROUP, INCORPORATED AND KAREN AUSTIN, INDIVIDUALLY,** | § § § § § § § | **(JURY DEMANDED)** |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFFFS' ORIGINAL PETITION AND APPLICATION FOR A DECLARATORY JUDGMENT AND REQUESTS FOR DISCLOSURE & REQUESTS FOR PRODUCTION TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **JENNIFER TAYLOR,** Plaintiff, and files this lawsuit on her own

behalf and as the Next Friend of her two Minor Children, S.T. and C.T., complaining of

Defendants **THE CITY OF STAFFORD ("the City") THE CITY OF STAFFORD**

**HEALTH CARE BENEFITS PLAN ("the City's Health Insurance"), UMR and/or**

**UMR, INC. ("UMR"),** and it **UNITEDHEALTH GROUP, INCORPORATED ("UHGI") the**

parent company of **UMR, UMR, INC.** and **KAREN AUSTIN, INDIVIDUALLY, regarding**

her *Ultra Vires* acts as the **designated Administrator of the City's Health Insurance**

**Plan and/or as the duly-designated Administrator of The City of Stafford Health**

**Care Benefits Plan a** and in support of their causes of action and/or claims against

Defendants, jointly and/or severally would show the Court the following:

*Jennifer Taylor, Individually and A/N/F of S..T and S.T., Minor Children vs. The City of Stafford, et al,* In the ____ Civil District Court of Harris County, Texas, (Jury Demanded)

1

I.

## AMOUNT IN CONTROVERSY

1.      Pursuant to Tex. R. Civ. P. 47, Plaintiffs seek monetary relief of between

$200.000. (Two Hundred Thousand Dollars) and $1,000,000.000 (One Million Dollars)

but this amount does not include exemplary and/or punitive damages that the Court

and/or Jury may award against **DEFENDANT KAREN AUSTIN**, which are in addition to

the sums set out above.

## II.
## DISCOVERY LEVEL

2.      Discovery in this lawsuit should be conducted under Level 3 pursuant to Tex Civ.

P. 190.3.

## III.
## JURISDICTION

3.      This Court has jurisdiction because the amount in controversy exceeds this

Court's minimum jurisdictional limit.

## IV.
## VENUE

3.      Venue lies in Harris County, Texas because:

(a)      Plaintiffs are residents of Harris County, Texas.

(b)      A substantial portion of the acts and/or omissions of Defendants from

which this lawsuit arises have occurred in Harris County, Texas.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

2

(c)      The harm sustained by Plaintiffs caused by Defendants' conduct occurred as a result of injuries they sustained in auto accidents where they were not at fault.

 (d)      Pursuant to Tex. Civ. Prac. & Rem. Code § 15.0151, venue is proper in Harris County, Texas because The City of Stafford, a Defendant in this suit, is situated in both Harris County and Fort Bend County, as the populations of both counties exceed 100,000 persons, pursuant to Tex. Civ. Prac. & Rem. Code § 15.0151 (a), venue is proper in Harris County, Texas. continues to occur in Harris County, Texas.

(e)      Defendant UMR and/or UMR, Inc. is either a subsidiary, affiliate or wholly-owned entity by its parent corporation, UnitedHealthcare Insurance Company ("UHC").  UHC and UMR actively does business in Harris County, Texas.  UHC maintains and operates offices in Houston, Harris County, Texas and Plaintiffs state upon Information and belief that UMR actively solicits, acquires, maintains active ongoing business with in Harris County, Texas as does its parent corporation UHC.

(f) The underlying events that have results in Defendants wrongful conduct emanated from events that took place in Harris County, Texas. where   Plaintiffs were harmed in an automobile accident, where their medical care was covered by the Plan and which the City, UMR. the Plan, and Austin, through *Ultra Vires Acts*, denied Plaintiffs health care to which they were entitled under the Terms and Conditions of the Plan which Austin, as the Plan's *de facto* and/or *de jure* Administrator acted in an intentional and Reckless manner that directly harmed Plaintiffs in Harris County, Texas, compelling Taylor to spend her own funds for medical care that should rightfully have been covered by the Plan but which Defendant Austin, acting through *Ultra Vires* acts expressly denied Taylor and the Minor Plaintiffs, her children healthcare covered by the Plan.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)                                                                        3

Taylor and the Minor Plaintiffs were an employee benefit from the City of Stafford.

## IV.
## PARTIES

4.  Plaintiff **JENNIFER TAYLOR ("Taylor") is** an adult woman who lives in and

Is a resident of Harris County, Texas and is employed by The City of Stafford as its

Emergency Management Coordinator ("EMC") and has the City's chief officer for

planning and protecting effective responses for natural disasters, emergencies and

Stafford and works with State and Federal agencies to protect Stafford.

5.  Plaintiff **S.T.** is a Minor Plaintiff, who resides with Plaintiff **JENNIFER TAYLOR,**

the natural mother of this Minor Child in Harris County, Texas.  **Ms. Taylor** appears in

this suit as **S.T.'s NEXT FRIEND,** for the purpose of asserting **S.T.'s** claims in this

lawsuit due to **S.T.'s** minority.

6.  .  Plaintiff **C.T.** is a Minor Plaintiff, who resides with Plaintiff **JENNIFER TAYLOR,**

the natural mother of this Minor Child in Harris County, Texas.  **Ms. Taylor** appears in

this suit as **S.T.'s NEXT FRIEND,** for the purpose of asserting **C.T.'s** claims in this

lawsuit due to **C.T.'s** minority.

7.  Pursuant to Texas Civ. Prac. & Rem. Code § 17.024 (b), Defendant **THE CITY OF**

**STAFFORD, TEXAS HEALTHCARE BENEFIT PLAN**  ("the Plan)  **("the City")** is

being served by with a Notice and Citation by serving the City Attorney of The City of

Stafford: **Arthur L. Pertile, III, Esquire, who may be served at: Olson & Olson,**

**L.L.P., 2727 Allen Parkway, Suite 600, Houston, Texas, 77019.**  or at any place

where he may be found.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

4

8. Defendant **The City of Stafford, Texas, (**"the City") is a duly-incorporated City under the Laws of the State of Texas and has the power to contract as authorized by Texas Law, The **City of Stafford's Health Benefits Plan  ("the Plan")** was duly authorized by the City Council of The City of Stafford, which is a political subdivision of The State of Texas which chose to provide healthcare benefits to its employees and their dependents which is a proprietary function of the City.  Defendant **The City of Stafford** is being served with a copy of this lawsuit by serving official officers of the City of Stafford, authorized by the Laws of The State of Texas to be served with Citation and Notice under The Local Government Code of The State of Texas:
 by serving either its duly-elected Mayor:  **Leonard Scarecella, at his Law Office located at: 2277 Main Street, Stafford, Texas, 77477 or at his official office at The City of Stafford: Office of The Mayor, City of Stafford, Texas, 2610 South Main Street, Stafford, Texas, 77477 or The City Secretary of The City of Stafford, Texas: Bonnie Baiamonte, City Secretary, The City of Stafford, 2610 South Main Street, Safford, Texas, 77477.**

9.  Defendant **UMR,** is a putative Third Party Administrator, ostensibly engaged on some basis by the Plan and/or the City to provide services for the benefits of **Plaintiffs and similarly situated insureds and/or participants whom the Plan purports to cover according to its Terms and Conditions.  Defendant UMR is being served by serving the Commissioner of Insurance of the State of Texas, 333 Guadalupe Street, Austin, and Texas, 78701.**

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

5

11. Defendant **UMR, Inc. ("UMRI")** is a Third Party Administrator authorized to do business in the State of Texas and Plaintiffs state upon information and belief that **UMRI** is the corporate name of Defendant **UMR**, which Plaintiff states upon Information and Belief is an Assumed Name for **UMRI.** At all times in this pleading both Defendants **UMR** and **UMRI** are notified and should take notice that every reference of UMR includes **UMRI,** and vice versa, as Plaintiff, after reasonable investigation believes in Good Faith that **UMR**, which apparently has not followed the Laws of the State of Texas of registering its Assumed Name, is, in fact, an assumed name for Defendant **UMRI.** Should either Defendant **UMR** and/or **UMRI** file an appropriate sworn denial with the Court and provide Plaintiffs with correct information about their nomenclature and the distinction, if any, in their operations, Plaintiff will cure any Issue regarding the denomination of the UMR Defendants through an amended Pleadings. **. Defendant UMR, Inc. is being served by serving the Commissioner of Insurance of the State of Texas, 333 Guadalupe Street, Austin, and Texas, 78701.**

11. Defendant **UNITEDHEALTH GROUP INCORPORATED ("UHGI")** is a foreign corporation authorized to do business in the State of Texas and is either the owner or parent company of **UMR** and may be served with Notice and Citation and a copy of this lawsuit by serving its Agent for Service of Process: **President, UNITEDHEALTH Group, Incorporated at the following address: President, UNITEDHEALTHCARE GROUP, INC., 9900 Bren Road East, UnitedHealth Group Center, Minnetonka, Minnesota, 55343.**

12. Defendant **KAREN AUSTIN** is the Administrator of the City of Stafford's

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

6

Healthcare Benefits Plan, for which Plaintiff **Jennifer Taylor ("Taylor")** and similarly situated employees of The City of Stafford, pay premiums, deducted from their compensation for healthcare coverage for themselves and their dependents, such as **S.T.** and **C.T.,** who are covered under the Plan, and may be served with Notice and Citation and a copy of this lawsuit as follows: **Karen Austin ("Ms. Austin"), The City of Stafford, 2610 South Main Street, Stafford, Texas, 77477.**  Ms. Austin is the named Fiduciary of the City's health plan who personally decides whether or not individuals covered by the Plan will receive medical coverage for routine medical care, life-threatening medical conditions, incapacitating and/or routine injuries sustained in vehicular accidents and whether or not medical care will be withheld, as it was from Plaintiffs in the immediate aftermath of an automobile accident vs. the Plan's rights to reimbursement for certain sums now governed by The Perry Law and other Laws as well.

a) Plaintiffs state upon Information and Belief, after reasonable investigation, that Defendant **Ms. Austin is** being sued Individually, and not in her official capacity as Administrator of the Plan because she has committed *ultra vires* acts that constitute breaches of her Fiduciary Duties to Plaintiffs and has also engaged in a pattern of *ultra vires* acts that constitute breaches of her Fiduciary Duties to Plaintiffs and that are outside the course and scope of her Fiduciary Duties that have harmed Plaintiffs and other similarly situated insured-employees and their dependents that evidence a pattern of *ultra vires* acts that fundamentally conflict with her Fiduciary Duties to Plaintiffs and other City of Stafford employee-insureds of the Plans and their dependents that have cause Plaintiffs substantial harm in excess of this Court's

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

7

minimum jurisdictional limit.

13.  Defendant **KAREN AUSTIN, Individually,** may be served with Notice and

Citation in this suit by serving her at her regular place of business at the Offices of

The City of Stafford, 2610 South Main Street, Stafford, Texas, 77477.

**V.**
**FACTUAL BACKGROUND**

**A.  The City of Stafford Health Care Benefits Plan ("the Plan")**

14.      The City of Stafford is situated in Harris and Fort Bend Counties, Texas and

had a population of approximately 1,800 residents.

15.      The City is governed by a Mayor-City Council form of local government.

16.      The City has offered, at a minimum, its full-time employees, various employee

benefits, including but not limited to health care benefits through a self-insured major

medical health plan, more formally denominated as **"The City of Stafford, Texas**

**Health Care Benefits Plan,"** which is administered by an entity represented by the

acronym **"UMR",** which according to the City's Plan document has no specific

meaning but states that UMFR is a UnitedHealth Company,[1] which Plaintiff states

upon Information and belief  is fully owned and operated by Defendant **UnitedHealth**

**Group, Incorporated.**

---

[1]  It is extremely unlikely that the Plan is entirely self-insured. Plaintiff states upon Information and Belief that prudently designed self-insured plans generally endeavor to shield an entity, here the City, from higher costs of traditional health insurance, but provide for a Stop-loss or Catastrophic Insurance Policy that typically shield the self-funded Plan, here the City, from a massive catastrophic event or very high cost of claims that are likely to negate the purpose of the Plan.  Plaintiff states at this time she has no knowledge of all of the components of the funding of the City's Plan.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

## B.  Plaintiffs' suit arises from Proprietary Functions of The City

16.     The City decided to furnish its employees a health benefit plan as an employment benefit and, consistent with employer health insurance and/or benefit plans provided in the Plan for dependents of employees to be covered by the Plan.

17; It is a well settled principle of Texas Law that a City's decision to provide its employees and allow their dependents to be covered by a health plan or group policy of health insurance is a Proprietary and not a Governmental Function.

18.     Accordingly, the Texas Tort Claims Act in no way or manner applies to Plaintiffs' claims asserted in this lawsuit.

## C.  Plaintiffs claims arise from a contract that has not been openly disclosed to the City's employees.

19.    The City has made available online a document known as a Summary Plan Description of delineating the healthcare procedures, rights and duties of the parties to the agreement, ostensibly funded through contributions made by the City's employees and collected by the City through payroll deductions.

18.     However, the Contracts governing Plaintiffs full rights in this matter have not been openly disclosed by the City.  These include but a are not necessarily limited to the Master Contract between the City and./or Plan and UMR and/or UnitedHealthcare Group, Inc., any Policy and Procedures manual or other materials that Ms. Austin, the Administrator of the Plan has relied upon in denying benefits to Plaintiffs and other similarly situated employees of the City.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

9

19.     Plaintiff Jennifer Taylor states upon Information and belief that at no time did either the City, the Plan, Ms. Austin or any other individual or individuals, acting for the welfare of the covered employees and their covered dependents of the Plan forthrightly explain in an orientation session or any other clear and simple communication, that a typical City employee could understand, that the City would not provide health benefits if a City employee was involved in an automobile accident.

20.   Thus, if a covered City employee was severely and permanently injured, even paralyzed by an uninsured drunk driver and the City' employee had not elected to purchase Uninsured-Underinsured Motorist coverage, the covered City employee and their covered dependents would be financially ruined and likely bankrupted because of the failure of the City, the Plan and Ms. Austin and UMR and/or UnitedHealth Group, Inc. to explain in simple terms the extreme limits and perils of the City's health plan as interpreted by Ms. Austin, the Fiduciary, with exclusive personal discretion over the lives of the covered City employees and their dependents.

or their employees and dependents as a benefit of their employment and to foster a healthy workforce for the City and its residents.

21.   As a Matter of Law, and Fact, the City's decision and/or conduct in establishing the Plan is a proprietary function and neither the City nor the Plan are shielded from liability by the Doctrine of Sovereign Immunity.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al, In the _____*
Civil District Court of Harris County, Texas,
(Jury Demanded)

10

22.     The City, acting through its authorized elected officials and/or duly authorized agents, servants and employees, established the Plan, which it represents as being a Self-Insured Plan, which in terms of the Business of Insurance generally means that the City collects premiums from its employees for their health coverage and the health coverage of their covered employees' dependents, pool those funds, and also hire a Third Party Administrator, here UMR, to manage the day-to-day operations of providing healthcare to covered employees and their dependents, authorizing medical care, receiving and analyzing claims for medical care, and making payment for medical care that UMR and/or the Plan, acting through Ms. Austin, its *de jure* and *de facto* Administrator, make vital coverage decisions on a regular basis about the nature  and extent of medical coverage that the Plan's covered beneficiaries rec1.

23.In return for its services, UMR, an entity, subsidiary or assumed name of UHCGI, receives regular payments through a system that is governed by very specific Laws and Regulations of the State of Texas as set out in both the Texas Insurance Code and regulations promulgated by Commissioners of Insurance of The

State of Texas.

24.     Plaintiffs state upon Information and belief that the Plan is not wholly self-insured.  Rather, to shield the Plan, the financial integrity of the City and its residents, the Plan, is also shielded by discrete forms of Insurance, such as Stop-Loss Insurance, although unknown at the time of the filing of this lawsuit and therefore qualifies as being subject to the Insurance Laws of the State of Texas.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

11

25.     Alternatively, without waiving any of the foregoing, Plaintiffs state that the City's self-funded health plan is subject to the Laws of the State of Texas pertaining to self-funded health plans.

24.     The City presumably entered into a Third Party Administration Agreement ("TPA") with UMR, an acronym of a UnittedHealth Group, Incorporated, an entity that also uses the assumed name of UMR[2].

26.     At the time of the filing of this lawsuit, Plaintiffs and presumably other City employees and their dependents do not know the extent to which the City directly bears the risk of a self-funded plan as opposed to what degree the City's risk is covered by a policy of Stop Loss Insurance.  To the extent that Stop Loss Insurance covers the City's risk, that risk is direct insurance regulated by the Insurance Code and regulations promulgated by the Commissioner of Insurance through the Texas Department of Insurance. *Texas Department of Insurance v. American Insurance Company,* 410 S.W. 3d 843, 854 (Tex.2012).

27.     Moreover, the City's Plan is exempt from ERISA. 29 U.S, C. § 103 (b) (1).

28.     Cities are not required by Law to provide health coverage to their employees by Law and the City's creation of the Plan, to the degree its risk is not covered by a policy of Stop Loss or Catastrophic Insurance is a proprietary function as opposed to

---

[2]   All references to UMR and/or UnitedHealthcare Group, Inc. as used in this pleading are functionally interchangeable as UMR / UnitedHeaalthcare Group, Inc's usage of the acronym UMR is inherently deceptive and constitutes an Unfair Claims Practice and Deceptive Trade Practice. As neither the City nor UMR are vested with Sovereign Immunity as a local governmental unit's decision to provide health insurance to its employees is a Proprietary Function, the Defendants in this suit are not shielded by Sovereign Immunity.  See TEX. CIV. PRAC. & REMD CODE ANN. § 101.0215 (B),, City of San Antonio, et al v.  *Wheelabfrator Air Pollution Control, Inc.,* 381 S.W. 3d, 597, 603-05 (Tex.App.—San Antonio, 2012m *pet. filed*)

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

a Government function of the City.

29.  At the time of the filing of this lawsuit, Plaintiffs are not privy to the legal

implications of the Services Agreement between UMR and/or UnitedHealthcare

Group, Incorporated and the City of any other policy of insurance, Stop Loss and/or

Catastrophic Insurance that would prudently shield the City's net surplus from being

wiped out by one or more foreseeable catastrophes mounting healthcare costs.

**The City, Through Meetings With Plaintiff Jennifer Taylor With The Mayor, Meetings With Ms. Austin, Who is the Administrator of the City's Plan and Financial Director of The City have had actual notice of Plaintiffs' concerns about the failure of the Plan to provide reasonable healthcare coverage for personal injuries that the Plan has sought to impose a Limitation of Coverage or Exclusion on for Automobile Accidents**

30.     Ms. Austin, the Mayor and consequently the Plan have had actual Notice of

Plaintiff Jennifer Taylor's concerns over the Plan's failure to provide adequate

medical care for her and her Minor Children, Plaintiffs S.T. and C.T.

31.  Nor does the City make available to its employees and dependents the master

contract or Plan, if such exists and Plaintiffs state upon Information and Belief that

while the City has not regularly distributed a copy of its Summary Plan Description on

an annual basis[3], nor has Ms. Austin, the Fiduciary adequately notified the Plan

members of the potential financial ruination the covered employees and their covered

dependent face from motor vehicle accidents which is a clear Breach of Ms. Austin's

Fiduciary Duties to provide adequate and plan notice to covered employees, here

Plaintiff Jennifer Taylor, Minor Plaintiffs C.T. and S."T. of the severe financial peril

---

[3]  As a Natter of Candor with the Court, Plaintiffs admit upon Information and Belief that presumably at the direction of Ms. Austin, copies of the current SPD were provided directly to City employees on or about December 18, 2015 after the City's Attorney was informed by Plaintiffs' counsel that an earlier version of this lawsuit was submitted through the State's Electronic Filing System but withdrawn due to discovery of additional matters set out in this pleading.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

13

they confronted in the event of being injured in an automobile accident.

32.  Ms. Austin, as the Administrator and Plan Fiduciary and/or the Plan and/or the City breached their Fiduciary Duty to Plaintiffs, and those similarly situated to Plaintiffs by selecting, approving, or otherwise sponsoring a Plan that did not provide adequate protection to shield the City's covered workers and covered dependents from losses that were clearly foreseeable, and that foreseeably could bankrupt and ruin the lives of the covered City employees that Ms. Austin owed a Duty of Care at a high level commensurate with how Ms. Austin, or a prudent Fiduciary would act in handling their own personal affairs.

33. Plaintiffs state that at the time of the filing of this pleading she has no knowledge of any actual master contract or actual Plan created by the City of entered into in the form of agreements between the City and UMR.  Such information, albeit important is not freely disseminated by the City to its employee-participants nor are the covered City employees affirmatively advised by Ms. Austin of the Plan's Limitations and its  Limitations in plain and simple language of the Plan's limitations of although such a document, if it exists, would be of significant legal import to the Duties of the City, the Plan, UMR, and Karen Austin, the City's named Administrator, and, by Law, a Fiduciary bound to act in the best interest of the Plan participants and to follow controlling documents governing the rights of the City's employee-participants and their dependents, here Plaintiff Taylor and the Minor Plaintiffs and those similarly situated to them to whom Karen Austin clearly owes Fiduciary Duties as the Plan's Administrator.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al, In the _____*
Civil District Court of Harris County, Texas,
(Jury Demanded)

14

### B. The Plan's Exclusion for Automobile Limitations and Subrogation Provisions Are Ambiguous As A Matter of Law

34.   In the Plan's Health Booklet issued to Plaintiff Jennifer Taylor the following

**Automobile Limitation** is stated on Page 68 on a Page titled **GENERAL EXCLUSIONS:**

…

  **"Automobile Limitations. When medical payments are available under vehicle insurance, the Plan shall pay excess benefits only, without reimbursement for vehicle plan Deductibles. The Plan shall always be considered the secondary carrier regardless of the individual's election under PIP (personal injury protection) coverage with the auto carrier."**

### C. The Automobile Limitation is ambiguous and susceptible to more than one reasonable meaning and is therefore not enforceable against Plaintiffs

35.   Plaintiff would show the Court and Jury that the Automobile Limitation, as written is ambiguous as a Matter of Law.

36.    At a minimum, the use of the word "available" in the Limitation provision is subject to more than one reasonable meaning as used in the "Limitation" provision which is distinct from an Exclusion.  It is obvious that whether or not an individual covered by the Plan needed immediate or long-term medical coverage, or emergency surgery, Personal Injury Protection Benefits would not be available for such treatment.  The Court may take Judicial Notice of the practice of major hospitals in the Greater Houston area of requiring either proof of health coverage or substantial cash payments at the time of treatment, especially when there are expensive procedures involved.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

15

37.  It is axiomatic in Contract Law, as well as Insurance Coverage Law, that if a word or phrase has more than one reasonable meaning, and one meaning favors the individual who did not draw the contract, that individual is entitled to the favorable meaning.   One meaning of the word "available" is "able to be used or obtained promptly:  In a serious medical situation resulting from an auto accident, PIP benefits will not be available at the time that treatment is needed.

38.   Thus, if an individual covered by the Plan were rear ended and the force of the accident caused the covered individual to be thrown through a windshield and suffering life-threatening cuts, PIP benefits would not be "available" even if the benefits were in the amount of $10,000.00 (Ten Thousand Dollars) or more.

39. The Automobile Limitation, curiously placed under the category of General Exclusions is functionally meaningless in a wide array of situations.   If "available" means that the individual covered by the Plan can pick up the phone, while bleeding and in need of emergency treatment and confirm their PIP benefits, then the clause is meaningless, though this interpretation is not *per se* unreasonable when viewed through the lens of what an Exclusion on coverage is.  UMR might simply take the position, backed by Ms. Austin, that if an individual or family has PIP coverage, that the Plan's medical benefits are excluded and the very purpose of the Plan, which is to protect the health, safety and welfare of covered employees and dependents of the City of Stafford is negated.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

16

### D. **The Plan's Subrogation Provision has been used as a weapon against Plaintiffs and other covered employees**

40.     As is common with many fully insured and/or self-insured health plans,

The City's Plan provides a subrogation provision that authorizes the Plan to recover sums spent for covered medical care of Plaintiffs, and similarly situated covered employee, from responsible Third Parties, tortfeasors and/or wrongdoers, etc.

41.     Plaintiffs submit that, as written and in effect at all times relevant to Plaintiffs'' claims in this lawsuit, and those of similarly situated City employees and their dependents covered by the Plan was only subject to one reasonable interpretation: Simply put, any subrogation rights that the Plan might asset in connection with healthcare provided by the Plan could only arise from events expressly excluded or "Limited" from being covered under the Plan.

42. Given the conflicting provisions of the Plan, that is, **the Automobile Limitation** when considered with the express wording of the Plan's Subrogation provision, the putative **Automobile Limitation** is ambiguous as a Matter of Law in that it is susceptible to one or more reasonable meanings when considered in conjunction with the Subrogation provision of the Plan; is ambiguous because while titled **Automobile Limitation** the Plan defines the provision by referring to "vehicular" accidents raising a myriad of plausible problems:     would the Plan cover injuries to a covered individual involved  in  a hit-and-run accident? Would the Plan cover injuries sustained by an individual who feel from a horse and buggy wagon if a horse ran wild and collided with a tree?

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al, In the _____*
Civil District Court of Harris County, Texas,
(Jury Demanded)

17

43. Would the Plan cover injuries to a covered individual riding a bicycle struck by a motorcycle if the driver or owner of the motorcycle was not insured? Would the Plan cover injuries to a covered individual injured by a tractor on a farm?  Would the plan's definition, as phrased, cover injuries to a child covered by the Plan injured by another child riding a non-motorized scooter?  Would the Plan cover injuries to the passenger of motorboat that hit a wave, and capsized causing serious personal injuries to a covered person?  Would the Plan cover injuries to a child of tender years injured at an amusement park on a merry-go-round with cars bolted to the flooring that stopped and jerked and ejected the covered child from the ride, injuring the child?  Would the Plan cover an individual injured in an accident involving an airplane, for instance, a small, privately owned airplane crashed upon takeoff, injuring a covered person, would Karen Austin, who has the sole discretion to make life-and-death decisions, presumably with guidance from UMR and UnitedHealthcare Group, Inc. deny coverage in each of these scenarios?

44. Would the Plan deny coverage for a two-year old covered child riding a tricycle that hit a curb and broke an arm or leg?   The questions mount and mount under the Plan's poorly worded and ambiguous definition and render the Plan useless and an illusory contract.

45. Indeed, in the manner that Defendants, and Ms. Austin, with her vast personal Power administered the Plan, with a vague and ambiguous Automobile Limitation, coupled with a Subrogation Provision, the City, the Plan, UMR, and UnitedHealth Group, Incorporated, and, of course, Ms. Austin, knowingly and intentionally caused

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al, In the _____*
Civil District Court of Harris County, Texas,
(Jury Demanded)

18

severe financial disruption to Plaintiffs and did so while Plaintiff Jennifer Taylor labored by day and nigh to protect the residents of the City of Stafford only to be left to the random interpretations of Ms. Austin and the other culpable Defendants for her faithful services.

45.  All of the above is ambiguous, if not an Illusory Contract, when considered in light of the Subrogation Provision of the Plan.

46.   The City's current Summary Plan Description ("SPD") of its partially self-insured health plan contains a subrogation provision that sets out the current SPD's subrogation plan as follows that essentially provides that a Covered Participant has an obligation to repay the Plan if a Third Party makes payment to the Covered person in personal injury settlements, litigation or other means that would provide a basis for the Plan to be reimbursed for sums it has actually spent on a covered insureds.

47.   Contrary to the Laws of the State of Texas, the Plan's subrogation provision provides the City with an automatic "assignment" of sums recovered without regard to any other factor.

### E.  The "Perry Bill" – TEX. CIV. PRAC. & REMEDIES CODE CHAPTER 140

48.   Effective January 1, 2014, TEX. CIV. PRAC. & REM. CODE CHAPTER 140, became the Law of the State of Texas and as set out in § 140.002, Texas Law expressly prohibits the City's Health Plan's Subrogation Clause, as written.

49. The City, acting through its agents, servants and/or employees and the duly-elected City Council of The City of Stafford have a sworn obligation to uphold the Laws of The State of Texas which includes monitoring the conduct of the Plan and its Administrator,

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

19

**Defendant Karen Austin,** whom Plaintiffs assert has committed numerous *ultra vires* acts for which Austin is solely liable and/or the City and the Plan are liable for failing to monitor Austin's conduct of her Office as a Fiduciary of the Plan.   Austin's breaches of her Fiduciary Duties to Plaintiffs and other similarly situated covered City employees and their covered dependents include, but are not necessarily limited to the following:

a)  Instructing UMR to deny health care claims that result from Third Party tortfeasors or accidents for which the City's covered employees and/or their dependents are in no way at fault';

b)  arbitrarily exercising her Office as the Plan's Administrator and Fiduciary In a manner that was harmful to Plaintiffs, caused Plaintiff Jennifer Taylor to incur substantial debt to pay for the medical care of herself and of S.T. and C.T., her Minor Children who are covered under the Plan;

c)  Defendant Karen Austin through *ultra vires acts* insisted were the legal responsibility of possible Third Party Tortfeasors or others that directly violated The Perry Law that modified the Plan as a Matter of Law.

d)  UMR, more specifically its parent entity UnitedHealth Group, Inc., is an Insurance entity applies under TEX. CIV. PRAC. & REM. CODE CHAPTER 140.001, *et seq.* and despite its role as a Third Party Administrator UMR, and its agents, servants and/or employees were without discretion to ignore the Laws of The State of Texas or the mandatory provisions of the Plan in carrying out their duties.    UMR,

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

20

despite any wording to the contrary, could not carry out illegal instructions issued by Defendant Karen Austin that UMR, actually UnitedHealth Care Group, Inc. knew or should have known was illegal and contrary to established principles of Insurance Law, which that entity, as an extremely sophisticated Insure and/or Third Party Administrator, was bound to adhere to under Texas Law.

50.  Plaintiffs were injured in two separate automobile accidents in 2012 and 2013, which Plaintiff Jennifer Taylor and S.T. and C.T., as Minor Children, were without fault.

51.   Defendants Karen Austin, UMR, the City and the Plan, either through acts and/or omissions inconsistent with the actual provisions of the Plan, Texas Law, *supra* acted in a manner that caused direct financial injury and mental anguish to Plaintiffs caused by Defendant's Austin, negligent, gross negligence, breach of the Plan provisions, breaches of her Fiduciary Duties and willy-nilly performance of Duties in a manner that, upon examination, caused injury and harm to covered children, covered employees and other covered dependents under the Plan.

52.   Defendant Karen Austin, the Plan Administrator and named Fiduciary of the Plan, repeatedly breached her Fiduciary Duties to Plaintiffs, and other similarly situated covered City employees and their dependents, acting in a willy-nilly manner without regard to the Fiduciary Duties that imposed the welfare of Plaintiffs and other

53.  Plaintiffs respectfully allege that no responsible official of the City of Stafford, including neither the Mayor, nor the City Council has exercised any meaningful monitoring role over Defendant Karen Austin's conduct of her role as Administrator

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

21

and Duties as the Plan's Fiduciary.

54.  UMR, and/or UMR, Inc. and/or UnitedHealth Group, Incorporated, by carrying out instructions of Defendant Austin, that these sophisticated Insurance Entities knew or should have known deviated from the express Terms of the Plan and violated Texas Law intentionally and knowingly harmed Plaintiffs, and similarly situated covered employees of the City and their dependents, .UMR and UnitedHealthCare Group, Incorporated, acting through its agents, servants and/or employees expressly ignored the portions of their Policy or Summary Plan Description that incorporate Texas Law and did so in a manner so shocking as to deprive Defendants of any colorable Defense "that they were just carrying out orders," in derogation of Texas Law.

**VI.**
**FIRST CAUSE OF ACTION: DEFENDANTS' ANTICIPATORY**
**BREACH OF CONTRACT**

55.   Plaintiffs would show the Court and Jury that the acts and/or omissions of Defendants, whether committed separately or in any combination, constituted a material and substantial anticipatory breach of Plaintiffs rights under the Plan. As a Matter of Law, the Perry Law became part of Texas Law that Defendants ignored.

56.   Plaintiffs would further show the Court and Jury that such material and substantial breach and/or breaches of Plaintiffs' vital healthcare benefit rights caused Plaintiff Jennifer Taylor to go into debt to pay for healthcare is to avoid the very financial hardship, fear, anxiety and mental anguish by substantially altering the day-to-day life of Plaintiff Jennifer Taylor subjecting to such extreme financial hardship that instead of shielding her from financial displacement, Defendant Austin, Individually, as well as other Defendants in their handling of her claims, need for

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

22

medical care, including the need for medical care her minor children, subjected her to the antithesis of the purpose of the City's health plan.[4]

that Plaintiffs sustained through deliberate conduct of Defendants as set out above.

57.     Plaintiffs would show the Court and Jury that the anticipatory breaches of the Plan by Defendants Austin, UMR and/or UMR, Inc., who are actually subsidiaries of UnitedHealth Group, Incorporated and the failure of the City, acting through its duly authorized elected officials, materially and substantially altered Plaintiffs normal daily routines through the financial hardship that was wrongfully shifted to Plaintiffs as set out above.   These breaches, and the pattern of conduct in denying Plaintiffs, and similarly situated covered City employees and their dependents their City health benefits affirmatively harmed Plaintiffs by interdicting them from receiving benefits under the Plan through Ms. Austin's misinterpretation of the Subrogation Provisions.

58.   By Defendant Austin, as the Plan Administrator and Fiduciary, repudiating the Plan's Subrogation Clause, by inverting it, that is, endeavoring to shift the costs of healthcare to Austin and other similarly situated covered City employees and their dependents, the Plan, by Defendant Karen Austin using her unbridled Power in a manner that grossly deviated from her Affirmative Duties to protect members of the Plan and their dependents, constituted a Repudiation of the express provisions of the Subrogation Clause, wrongfully shifting  a serious financial burden to Plaintiffs, and other similarly situated covered City employees and their dependents, and as a Matter of both Law and Equity, negate the Plan's right to enforce its Subrogation

---

[4]  By using the term "health plan", Plaintiffs in no way or manner waive their contention that upon closer examination much of the City's Plan will be subject to the Laws of the State of Texas regulating Insurance.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

Clause as Defendant Karen Austin's willful and capricious actions cannot be reconciled with accepted norms of Health Plan Management by an Administrator who is a Fiduciary.

59.   Plaintiff Jennifer Taylor states upon Information and Belief that the duly-elected Mayor of the City of Stafford, either knew or should have known of Defendant Karen Austin's breaches of her Fiduciary Duties as Plan Administrator; that she was acting against the best interest of the very purpose of the City's health plan, and failed to report Defendant Austin's conduct to the City Council of the City of Stafford so they could properly exercise their proper oversight function as the duly-elected representatives of the registered voters of the City of Stafford.

60.   In this manner, the Mayor ratified the wrongful conduct and anticipatory breaches of the City's health plan that caused material and substantial breaches of the plan and also failed to duly inform the City Council of vital matters affecting the healthcare of covered City employees and their dependents, thus depriving the City Council of fulfilling their function as democratically-elected representatives of the voters of the City of Stafford.

61.   Plaintiffs would show that Defendants also breached the Plan by failing to situated covered City employees and their dependents pay for health insurance is to Defendant Karen Austin, through a Policy that she firmly established by inverting the Plan's Subrogation Clause(s), and consciously indifferent affirmative violations of Texas Law as set out in TEX. CIV. PRAC. & REM. CODE § 140.001, *et seq.* and that as highly-sophisticated entities actively engaged in the Business of Insurance in Texas, UMR and/or UMR, Inc. and/or UnitedHealth Group, Inc. as the express

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

24

provision of the Summary Plan Description, that the foregoing entities either knew of or should have known of, directly negated the conducted those entities implemented at Defendant Karen Austin's instructions.

**VII.**
**SECOND CAUSE OF ACTION: DEFENDANTS' BREACH OF CONTRACT**

62.   Plaintiffs incorporate all of the foregoing paragraphs of this pleading.

63.   Alternatively, without waiving any of the foregoing, Plaintiffs state that the acts and/or omissions of Defendants separately, and/or in any combination constitute and/or constituted a material and substantial breach and/or breaches of the Plan, the and the City's failure to monitor the Plan.

54. Also, UMR and/or UMR, Inc. (UnitedHealth Care Group, Incorporated) breached their obligations to Plaintiffs as Third Party Beneficiaries of their written agreement with the Plan and/or the City and failed to adhere to Texas Law as expressly set out in its Summary Plan Description.

65.   Plaintiffs would show that Defendant Karen Austin, as the Administrator of the City's Health Plan, and as its named Fiduciary, engaged in serious similar breaches of her contractual and Fiduciary obligations to not only Plaintiffs but other similarly situated covered City employees and their dependents evidencing that her breach and/or breaches were consciously indifferent and/or intentional and/or knowing.

66.   Plaintiffs would show the Court and Jury that Defendant, including Defendant Austin, Individually, committed acts and/or omissions that materially and substantially constitute anticipatory breaches of their rights under the Plan, including but not limited to:

> a)   failing to follow the procedures of the Plan in notifying Plaintiffs of their

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

25

Right to Appeal adverse benefit determinations;

b) failing to provide Plaintiffs with adequate adverse benefit determination with clear references to the type of information that would be required to appeal an adverse benefit determination;

c) vesting complete discretion in Defendant Austin, Individually, as the Plan's Fiduciary when she was either inadequately trained to perform this critical function, failed to carry out her duties as the Plan's Fiduciary, and interpreted the Plan against the best interests of its Participants by construing its terms in a manner that unreasonably limited Plaintiffs' access to meaningful healthcare and threatened Plaintiff Jennifer Taylor's financial security and stability as well as the financial security and stability of the Minor Plaintiffs also.

d) failed to distribute Plan documents and provide adequate explanations to covered City employees and their dependents so they understood the severe restrictions that Defendant Austin unilaterally imposed through her narrow interpretation of benefits provided by the Plan.

67. By Defendants' concerted and systematic narrow reading of the Plan, Defendants' anticipatory breaches of the Plan, Austin's deliberate narrow reading of the Plan were so harsh as to harm Plaintiffs and others in a manner that is shocking to traditional norms of widely-accepted standards of decency in the American workplace and is inconsistent with the stated purpose of the City of Stafford to afford its employees healthcare benefits to shield them from the very hardships Plaintiffs suffered.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T., Minor Children vs. The City of Stafford, et al,* In the _____ Civil District Court of Harris County, Texas, (Jury Demanded)

26

## VIII.
## THIRD CAUSE OF ACTION: DEFENDANT KAREN AUSTIN'
## BREACHES OF HER FIDUCIARY DUTIES AS THE PLAN'S ADMINISTRATOR

68.     Plaintiffs incorporate all preceding paragraphs of this pleading into this paragraph to support their claims.

69.     Defendant Karen Austin either intentionally and/or knowingly and/or through acts/omissions of Gross Negligence and/or through acts and/or omissions of Negligence committed the following breaches of her Fiduciary Duties to Plaintiffs:

a)      Failed to authorize through UMR and/or UMR, Inc., subsidiaries of UnitedHealth Group, Incorporated, medical services that Plaintiffs were entitled to under the Terms of the Plan,

b)  Failed to authorize healthcare treatment that she was legally required to authorize as the Administrator-Fiduciary under the Plan's express Terms.

c)  Failed to disseminate the actual Policy that she had arbitrarily adopted In a manner that would be openly known to Plaintiffs, other similarly situated covered employees and their dependent and failed to disseminate information to the City Council of the City of Stafford so its elected representatives could fulfill their affirmative Duties to the voters who elected them.

d)  Defendant Austin, placed her own individual interests over the interests of Plaintiffs, and similarly-situated covered City employees and their dependents in a manner to advance her own personal interests as opposed to fulfilling her Fiduciary Duties to discharge her Duties With The

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

27

Accepted Standard of Care for a Fiduciary.

**IX.**
**FOURTH CAUSE OF ACTION: DEFENDANT KAREN AUSTIN'S**
**BREACHES OF FIDUCIARY DUTIES AS *ULTRA VIRES* CONDUCT**

70.     Plaintiffs incorporate by reference all facts plead in this pleading in preceding paragraphs.

71.     Plaintiffs would show the Court and Jury that Defendant Karen Austin's Breaches of her Fiduciary Duties as Administrator of the City's Health Plan were *ultra vires acts* as her acts harmed Plaintiffs and similarly situated covered employees of the City of Stafford as Ms. Austin's *ultra vires* acts were beyond the scope of the Law and engaged in for reasons that were and entirely inconsistent with her Fiduciary Duties as Administrator of the City's Health Plan vested with unbridled discretionary authority to deny City of Stafford covered employees and their dependents, including Plaintiffs, their Rights under the City's Health Plan.

72.     Alternatively, without waiving any allegation that the Plan, the City, UMR and/or UMR, Inc. and/or its parent corporation UnitedHealth Care, Incorporated are liable in this suit for Plaintiffs' damages, costs, attorneys fees, etc., Plaintiffs assert that Defendant' Karen Austin's systematic breaches of her Fiduciary Duties that she is and should be held individually liable for Plaintiffs' damages, attorney's fees, costs, and prejudgment and post-judgment interest at the maximum rates allowed by Law.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

28

**XI.**

## FIFTH CAUSE OF ACTION:  DEFENDANT KAREN AUSTIN'S, INDIVIDUALLY NEGLIGENCE, NEGLIGENCE *PER SE* AND GROSS NEGLIGENCE

73.   Plaintiffs incorporate all of the preceding allegations of fact in this pleading.

74.   Plaintiffs would show the Court and Jury that in carrying out her Duties as Administrator of the Plan, Ms. Austin's acts and/or omissions as she made decisions regarding Plaintiffs were negligent, constituted negligence *per se* and that she was guilty of gross negligence.

75.   Ms. Austin failed to act as a reasonably prudent Administrator would under the same or similar circumstances; failed to consider the devastating financial effect her decisions had upon Plaintiffs when she knew or should have known that she did not have the necessary skill and training to interpret the Plan in a consistent and Fair manner for the benefit of all of the City's covered employees and covered dependents in carrying out her duties but demonstrated conscious indifference and malice in ignoring the severe consequence of her decisions on Plaintiff Jennifer Taylor, and Minor Plaintiffs  S.T. and C.T, innocent children who suffered from her conduct which was consciously indifferent and/or malicious regarding their rights, safety and welfare and the rights, safety and welfare of others covered by the Plan.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

29

### Xii.
## SIXTH CAUSE OF ACTION: REQUEST FOR AN ACCOUNTING AND/OR AUDIT

76.    Plaintiff is a participant in the City's Health Plan and pays premiums for her healthcare and the healthcare of S.T. and C.T., her minor children, who appear in this suit through their mother, Plaintiff Jennifer Taylor As Next Friend, but are Real Parties at Interest.[5]

77.    Plaintiff asks the Court to order Defendants The City of Stafford, UMR and/or UMR, Inc., Defendant Karen Austin, and the Plan to provide the participants of the City's Plan with an accounting of funds that Defendant Karen Austin withheld for payment of legitimate medical expenses of Plaintiffs and similarly-situated covered City insureds and their dependents who were denied healthcare they were entitled to due to Defendant Austin and UMR and/or UMR, Inc.'s deviation from the express provisions of the Subrogation Clause of the Plan and her saddling Plaintiff and others with medical costs they could not afford thus depriving them of the Plan's benefits.

78.   Plaintiff asks the Court to order the accounting and/or an audit upon a finding of deviations from the express language of the Plan's Subrogation Paragraph(s) for a period of five years or any other such reasonable period of time that the Court may deem appropriate, or that the Court find an appropriate equitable remedy.

---

[5]  See *Byrd v. Woodruff*, 891 S.W.2d 689, 704 (Tex. App.---Dallas 1994, write dism'd by agr,) "Although the minor is the real plaintiff, the bringing of the suit by next friend, does not change the minor's status. The minor is *non suit juris* and remains altogether under the Court's protection. *M.K.T.Ry v. Pluto*, 138  Tex. 1, 156 S.W.2d 265,268 (1941).
*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

30

**XIII.**
**SEVENTH CAUSE OF ACTION:**
**APPLICATION FOR DECLARATORY JUDGMENT OF THE PLAN**

79.   Pursuant to TEX. CIV. PRC. & REMD. CODE § 37.001, *et seq*, Plaintiffs seek a Declaratory Judgment of their rights under the Plan.

80.   As a Matter of Law, Plaintiffs would show that the Plan under Texas's Uniform Declaratory Judgment Act, Plaintiffs request that the Court construe the Rights of the Plan, UMR, and all interested parties to this suit, and similarly covered City employees, dependents, to receive medical care resulting from an accident of any type.

81.  In this regard, Plaintiffs ask the Court to construe the appropriate Contract or Contracts between the City, Plan, UMR and/or UnitedHealthcare Group, Inc. to determine how the Plan, as written, can be administered as a valid legal document in the aftermath of enactment of The Petty Law which clearly demonstrated the intent of The Legislature of the State of Texas to bring uniformity to the handling of all claims involving assertion of Subrogation Rights by a Group Health insurer, Health Plan, including but not limited to the City's Plan. In this case.

82.   While the Plan seeks to limit or exclude motor vehicle accidents, it becomes an Illusory Contract, of little or no value because of the high incidence of motor vehicle accidents vs. an assault, rape or other criminal act of a Third Party who may ultimately be responsible under the Terms of the Plan to reimburse either an individual covered by the Plan or the Plan itself for sums spent for healthcare for an individual covered City employee or their dependent(s).

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

31

83.  Plaintiffs further request that the Court clarify that neither Defendant Austin nor any future Administrator of the Plan has the Right to deny medical care through Ms. Austin's twisted interpretation, *supra.*

84.  Plaintiffs ask the Court, after appropriate Discovery to determine the actual Real Parties at Interest who may have a Right to be joined or notified of their right to intervene in this action. pursuant to § 37.006 of the Texas Uniform Declaratory Judgment Act, *supra* and that the matters to be determined be Tried by Jury as provided by  § 37.007 of the Texas Uniform Declaratory Judgment Act should the Court determine that there is an Issue of Fact to be determined on these Issues.

85.  Plaintiffs ask the Court to declare that the Automobile Limitation directly conflicts with the Law known as the Perry Law, regarding the Legislature specific intent as set out in TEX. CIV. PRAC. & REM. CODE 140.001, *et. seq.* which, as a Matter of Law, has voided the Automobile Limitation provision of the Plan as of January 1, 2014 and applied to all claims in existence at that time and after, including the claims of Plaintiffs and others covered by the Plan.

85.  The express language of the Plan states that to the degree that the Plan conflicts with any provision of Texas Law, the Plan is modified to comply with Texas Law.

86.  Alternatively, should Defendants contend that the Plan is not modified as set out above, Plaintiffs ask the Court to issue an appropriate Declaratory Judgment declare the rights of the beneficiaries of the Plan in view of the enactment of Chapter 140 of TEX. CIV. PRAC. & REM. CODE.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

32

**XIV.**
**EIGTH CAUSE OF ACTION: NEGLIGENCE AND GROSS NEGLIGENCE**

86.  Plaintiffs incorporate by reference all foregoing paragraphs in this pleading.

87.   Each of the Defendants denominated in this lawsuit owed Duties to Plaintiffs; breached those duties in a manner that a reasonably prudent actor in the same or similar circumstances would not have done so creating foreseeable risk of harm to Plaintiffs and other City employees and dependents covered under the Plan, and each and every breach by Defendants, whether separately or together, or in any combination, was a proximate and/or producing cause of all of Plaintiffs' damages and harm as set out in this pleading constituting negligence, negligence *per se* and/or gross negligence.

93.   Defendant Karen Austin's individual and collective acts and/or omissions in denying Plaintiffs' health care resulted in harm from a pattern of conduct that constitutes malice because through knowing acts, in direct contravention of the plain meaning of the Plan's Subrogation Language,

94. Ms. Austin, acting Individually, inverted the meaning of the provision to shift the financial burdens of healthcare to Plaintiffs and others similarly situated to them in a manner that denied Plaintiffs and others, through a pattern of conduct, the very healthcare that the Plan was created to provide the City' covered employees and their dependents.   Austin's malice is evidenced by her specific knowledge of the gross financial hardships that covered City employees and their dependents sustained as a direct and proximate cause of her acts and/or omissions.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

33

95.   Alternatively, without waiving any of the foregoing, Plaintiffs would show that the Mayor of the City of Stafford had actual knowledge of the manner in which the Plan was being administered and that as Chief Executive of the City of Stafford had a Duty to report and bring to the attention of the City Council of the City of Stafford the serious employment and Legal Issues that the Mayor had actual knowledge of but failed to report.to the City Council, the body, which was elected by the registered voters and residents of the City of Stafford, to administer the Public Affairs of the City of Stafford in their best interest and in compliance with the Laws of the State of Texas.

96. Plaintiffs state upon Information and Belief that UHCGI has aggressively entered the Third Party Administrative market; that on a National Basis has been extremely profitable to the corporation.

97.   As the parent corporation of UMR, Plaintiffs state upon Information and Belief that UHGI either took appropriate steps or should have taken appropriate steps to provide Plaintiffs with timely notice of their Rights under the Plan and failed to do so in a manner that departs from an appropriate standard of care for a Third Party Administrator that was the vital link between Plaintiffs and their ability to obtain needed healthcare that they were reasonably and fairly entitled to under the City's Plan.   UMR, and UHGI, as a parent corporation, failed to stay apprised of basic changes in Texas Law, such as the Perry Bill and ignored the narrow construction of the Plan that Austin provided such that the Rights of Plaintiffs under the Plan were adversely affected and substantially harmed Plaintiffs due to UMR and/or UHCGI's

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

34

acts and/or omissions.

## XV
## CAUSATION

98.  Plaintiffs would show the Court and Jury that each and every act and/or omission of Defendants, as set out in this pleading, whether separately, together, or in any combination of acts and/omissions constitute one or more proximate and/or producing causes of all of Plaintiffs' damages as set out below.

## XVI.
## DAMAGES AND REMEDIES

99.   Plaintiffs seek the following damages and remedies upon final hearing or trial in this lawsuit:

a) all of their consequential damages that normally and naturally flow from Defendants' delictions, wrongs, acts and/or omissions, negligence, gross negligence, negligence *per se*, Defendants' breaches of Fiduciary Duties under the Plan and anticipatory breach of contract by Defendant Karen Austin, Individually, Austin and the Plan's anticipatory breaches of its Contract with Plaintiffs, and the equitable remedy of the Plan's subrogation rights under the Plan contract and an affirmative rights upon a finding by the Court of anticipatory breach of contract; and all damages resulting from Defendants' anticipatory breach of the Plan by ignoring the express language of the Plan's subrogation provisions;

 b) mental anguish and loss of credit worthiness caused by Defendants wrongful acts and/or omissions and Breaches of Fiduciary Duty;

c) Forfeiture of any claim for subrogation that the Plan may have against Plaintiffs for Defendant Karen Austin's intentional and knowing violation of Plaintiffs' rights under

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

35

the Plan, including but not limited to her abuse of the subrogation paragraph to deny Plaintiffs medical care to which they were entitled;

d) Exemplary damages in an amount to be determined by the Trier of Fact according to Law, including but not limited to a minimum award of $200,000.00 (Two Hundred Thousand Dollars) against Karen Austin, Individually, for her *ultra vires* acts as set out above;

e) An Audit or Accounting of the Plan as requested above.

f) A declaratory judgment with appropriate notice and joinder of known parties. Plaintiffs state this is not a class action lawsuit. The individuals affected are readily discoverable and under the Texas Uniform Declaratory Judgment Act, *supra*, are entitled to joinder;

g) Any and all other damages and/or remedies that Plaintiffs may show themselves to entitled at Law or in Equity.

## APPLICATION FOR A RECEIVER

g) Pursuant to TEX. CIV. PRAC. & REM. CODE § 64.001, *et seq.*, Plaintiffs ask the Court to hear a separate application for a Receiver to be appointed over the Plan to correct the inequities to Plaintiffs and others similarly situated to Plaintiffs. Plaintiffs incorporate by reference all of the above pleadings and represent, based upon Information and Belief, that the state of the administration of the Plan,

h) Instead of protecting and providing appropriate healthcare for the covered employees of The City of Stafford and their dependents is doing actual harm to those who are entitled to be protected.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T., Minor Children vs. The City of Stafford, et al*, In the _____ Civil District Court of Harris County, Texas, (Jury Demanded)

36

I) Accordingly, Plaintiffs ask for the Court to order accelerated Discovery and set a hearing on Plaintiffs Application for a Receiver on an accelerated basis to be determined by the Court at a Status Conference or Temporary Hearing after service of citation on Defendants in this cause and after Defendant have answered or their Answer Date has passed.

j) Make Whole relief as an equitable remedy and/or without waiving any of the foregoing damages allegations restitution as a Matter of Equity

## XVII
## ATTORNEY'S FEES

100.  The wrongful conduct of Defendants as set out in this pleading, including but not limited to Defendants' breach of Plaintiffs' contractual rights under the Plan and Defendants Austin's anticipatory breach and the Plan's anticipatory breach and failure to abide by the Perry Law and Plaintiff's pursuit of a Declaratory Judgment as set out above.

101. The acts and/or omissions of Defendants, individually, separately or in any combination required Plaintiffs to hire the undersigned Lawyer to prosecute this lawsuit.

102.  Upon final Judgment, Hearing, Trial or Trial by Jury, Plaintiff seeks reasonable and necessary attorney's fees and all costs of this litigation.

## XXIII
## REQUEST FOR TRIAL BY JURY

103.  A Jury Fee is being paid contemporaneously with the payment of the filing fee

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al, In the _____*
Civil District Court of Harris County, Texas,
(Jury Demanded)

37

and sere costs for this lawsuit.

104.   Plaintiff requests a Trial by Jury in this case and will file a separate Demand for

Trial by Jury after Defendants answer in this lawsuit.

## XIX
## REQIESTS FOR DISCLOSURE

105.  Plaintiff now serves Defendants The City of Stafford, The City of Stafford Health

Care Benefit Plan, UMR, UMR, Inc., UnitedHealthcare Group, Incorporated and

Karen Austin, pursuant to Tex. R. Civ. P. 194.1 and 194.2 with the following

Requests for Disclosure to be responded to 50 days after Defendant are served:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the responding
party's claims or defenses (the responding party need not marshal all
evidence that may be offered at trial);

(d) the amount and any method of calculating economic damages;

(e) the name, address, and telephone number of persons having
knowledge of relevant facts, and a brief statement of each identified
person's connection with the case;

(f) for any testifying expert:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions

and a brief summary of the basis for them, or if the expert is not retained

by, employed by, or otherwise subject to the control of the responding

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

38

party, documents reflecting such information;

(4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(A)all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography;

(g) any indemnity and insuring agreements described in Rule 192 (f);

(h) any settlement agreements described in Rule 192 (g);

(i) any witness statements described in Rule 192 (h);

(j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(l) the name, address, and telephone number of any person who may be designated as a responsible third party.

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the ____
Civil District Court of Harris County, Texas,
(Jury Demanded)

39

## REQUEST FOR PRODUCTION TO DEFENDANT UMR and/or UMRI

106.   Pursuant to Tex. R. Civ. P. 194.4. Plaintiffs now serve the following Requests for Production on Defendants UMR and/or UMR, Inc. to be responded to in writing within 50 days of said Defendants being served with Notice and Citation in this lawsuit by delivering true and correct copies the following items of tangible evidence to the Offices of Plaintiffs' Attorney-in-Charge.  Plaintiffs ask that the information be produced in a paper format:

(1) A complete copy of all claims files, medical information, electronic, e-mail communications and/or written communication between UMR, Defendant Karen Austin and/or Defendant "The Plan," relating to all medical care sought, denied, authorized, preauthorized or denied for Plaintiff Jennifer Taylor, Minor Plaintiffs C.T. and S.T. from January 1, 2012 through the present.

(2) A complete copy of any and all correspondence that Defendants UMR and/or UMR, Inc. contend was mailed, faxed or otherwise delivered to Plaintiff Jennifer Taylor via regular mail, in person, via e-mail, instant messaging or in any other form from January 1, 2012 through the present;

(3) A complete copy of communications, including but not limited to e-mail communications,          correspondence,          instant          messaging,          faxed

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

4 0

correspondence between any agent, servant and/or employee of UMR and/or UMR, Inc. relating to negotiations for entering into any type of Administrative Services Agreement between UMR and/or UMR, Inc. and The City and/or The Plan and/or Ms. Austin for each of the following years: 2012, 2013, 2014 and 2015.

(4) A copy of each and every contract or novation or modification of each any every contract between UMR, UMR, Inc. and/or UnitedHealth Group, Inc. and The City of Stafford and/or The Plan, and/or Ms. Austin, as the Administrator, including any administrative services agreement between UMR and the above-referenced Defendants for Plan years 2012, 2013, 2014 and 2015.

(d) All tangible evidence, correspondence, e-mails, instant messaging, faxed materials, including contracts, reflecting specific discussions and/or explanations of suggestions or responses from UMR and/or UMR, Inc. that relate to the Automobile Limitation provision listed under the Exclusions category of the Plan, including projected savings to The City of Stafford, and/or the Plan;

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

41

(e) All tangible evidence, including receipts, correspondence, e-mails that in any way reflect any gift, payment, gratuity, dinner, vacation, airline tickets, hotel receipts that UMR and/or UMR, Inc. provided to Defendant Karen Austin for any reason whatsoever from January 1, 2012 through December 1, 2015.

### REQUEST FOR PRODUCTION TO DEFENDANT THE CITY OF STAFFORDF HEALTHCARE BENEFIT PLAN

107.   Pursuant to Tex. R. Civ. P. 194.4, Plaintiffs now serve the following Requests for Production on Defendant The City of Stafford Healthcare Benefit Plan ("the Plan") to be responded to in writing within 50 days of said Defendants being served with Notice and Citation in this lawsuit by delivering true and correct copies the following items of tangible evidence to the Offices of Plaintiffs' Attorney-in-Charge.   Plaintiffs ask that the information be produced in a paper format:

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

42

(a) All correspondence directed to Plaintiff Jennifer Taylor reflecting a denial of any claim for medical care that UMR and/or The City of Stafford Healthcare Benefit Plan ("the Plan) issued, mailed, e-mailed, faxed or otherwise delivered to her stating that medical care for Plaintiff and the Minor Plaintiffs had been denied by UMR and/or UMR, Inc. and/or The Plan and all correspondence, or other tangible evidence notifying Plaintiff Jennifer Taylor of her Rights under the Plan for each such denial including denials of care for the Minor Plaintiffs;

(b) For Plan years 2012, 2013, 2014 and 2015 through December 1, 2015, please produce all tangible evidence relating to each year:

  (c) the total income or money paid and/or transferred from the Plan and/or the City to UMR and/or UMR,Inc. and/or UnitedHealth Group, Incorporated for each such year.

  (d) The total amount of money that UMR and/or UMR, Inc. paid out to medical providers or for total benefits for all members of the Plan;

  (e) UMR and/or UMR, Inc. and/or UnitedHealth Group, Inc.'s net profit for 2012, 2013, 2014, and 2015 to date from doing business with and providing services to The City of Stafford

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

43

and/or The City of Stafford, and/or the Plan;

(f) For 2012, 2013, 2014, and 2015, please state the total amount of money that the Plan received as credits, cash payments, checks, wire transfers or any other form of payment for monies collected by UMR and/or UMR, Inc., its agents, servants and/or employees for subrogation recoveries;

(g)A copy of each and every contract, including but not limited to any Administrative Services Agreement or other agreement reflecting services to be provided by UMR and/or UMR, Inc. to the Plan for 2012, 2013, 2014 and 2015.

(h)Each Policy of Stop-Loss Insurance, Catastrophic Insurance or any other Policy of Insurance or risk shifting agreement to which The City of Stafford's Healthcare Benefit Plan was a beneficiary or contracting party in 2012, 2013, 2014 and 2015.

(i) Please provide a true and correct copy for The City of Stafford's annual financial report for Plan years 2012, 2013, 2014 and 2015;

(j) Please provide a complete copy of each any every Errors and Omissions Policy, Insurance Policy covering the Administrator of the City's Plan for any alleged acts and/or omissions, breach or breaches of Fiduciary Duties for Plan years 2012, 2013, 2014 and

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the ____
Civil District Court of Harris County, Texas,
(Jury Demanded)

44

2015.

(k) Please produce all tangible evidence reflecting any and all sums of

money, compensation, bonuses, or other forms of remuneration

paid by the City of Stafford Health Benefit Plan to Defendant Karen

Austin for her services as Administrator and the Plan's Fiduciary for

Plan years 2012, 2013, 2014 and 2015.

(l) Please provide a true and correct copy of every notification that the

Plan sent to its covered employees and beneficiaries from January1

2012 through December 1, 2015 providing them with either a

Summary Plan Description, or other information about their rights

under the Plan;

m)Please provide a true and correct copy of the Master Policy and/or

controlling contract between the Plan and/or UMR and/or UMR, Inc.

and/or UnitedHealth Group, Inc. and the Plan for years 2012, 2013,

2014 and 2015.

(m)      Please provide a true and correct copy of all tangible evidence

reflecting communications between the Plan and any broker, agent

or UMR and/or UMR, Inc. from January 1, 2012 through December 1,

2015.

(o) Please produce a true and correct copy of any and all procedure

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

45

manuals, claims manuals, a printout of any and all emails that

the Plan received from UMR and/or UMR, Inc. from January 1,

2012 through December 1, 2015.

(p)    Please produce a true and complete copy of all communications

from the Plan, the Plan's Administrator and/or any agent, servant and/or

employee of the Plan to Plaintiff Jennifer Taylor from January 1, 2012

through December 1, 2015.

(q)   Please produce a true and correct copy of every internal Plan

document, memoranda, informational bulletin, that the Plan received

after passage of The Perry Bill or TEX. CIV. PRAC. & REM. CODE

140,001, *et seq.*

(r)   any manual, claim manual, procedure manual, e-mails, bulletin,

or other tangible information that UMR and/or UMRI provided The

The Plan, Defendant Karen Austin or any other individual acting

on behalf of the Plan about UMR and/or UMR, Inc.'s Policies and

Procedures or protocols for communicating with, providing

coverage decisions, denials of coverage, suggested or model form

letters as guidelines, for informational purposes or any other

reason relating to UMR and/or UMR, Inc.'s and/ methods of doing

business with The Plan, Ms. Austin as its Administrator and

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

4 6

Fiduciary and the City of Stafford;

(s) A copy of any contract, written agreement or other tangible

document reflecting any manner in which UMR and/or UMR, Inc.

and/or UnitedHealth Group, Inc.'s agents, servants and/or

employees would directly benefit from collection of funds the Plan

and/or UMR and/or UMR, Inc. and/or UnitedHealth Group, Inc.

claims that Plaintiff Jennifer and the Minor Plaintiffs should pay

to UMR and/or UMR, Inc. under the Subrogation Clause or

Subrogation Provision of any Plan document relating to accident

claims of Plaintiffs, including but not limited to commissions.

(t) For years 2012, 2013, 2014 2015, please provide all tangible

evidence, whether in the form of correspondence, fax transmissions,

emails or other tangible form of UMR and/or UMR, Inc.'s listing of the

number of covered employees of the City of Stafford under its Health

Care Plan;

(u) For years 2012, 2013, 2014 2015, please provide all tangible

evidence, whether in the form of correspondence, fax transmissions,

emails or other tangible form of UMR and/or UMR, Inc.'s listing of

the total number of covered dependents off covered employees under

the City of Stafford under its Health Care Plan;

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

47

(v) Please provide any tangible document, letter, and e-mail, written agreement between UMR and UMR, Inc. of the total number of covered individuals it provided administrative services for under The City of Stafford's Health Care Benefit Plan for years 2012, 2013, 2014 and 2015,

(w)  Please provide a copy of all correspondence, contracts, e-mails, all tangible evidence reflecting communications, including other electronic messaging between UMR and/or UMR, Inc. and/or UnitedHealth Group and any broker or agent that acted on behalf of either UMR and/or UMR, Inc. and/or The City of Stafford and/or The Plan for years 2012, 2013, 2014 and 2015.

(x) If any such broker or agent played any type of role between the Plan and UMR and/or please provide a complete copy of each and every tangible communication between any agent, servant and/or employee of UMR and/or UMR, Inc. and UnitedHealth Group, Inc. and any such agent and/or broker, including any written agreement relating to compensation or other remuneration any such agent, or broker of UMR and/or UMR, Inc. and/or UnitedHealth Group, Incorporated or any other entity or individual relating to The City of Stafford and/or The City of Stafford's Healthcare Benefit Plan's

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

48

procurement of UMR and/or UMR, Inc.'s services for Plan years 2012, 2013, 2014 and 2015. Defendant Karen Austin, as Administrator of the Plan and/or any their agent, servant and/or employee of the Plan;

(y) Please produce a true and correct copy of all tangible evidence reflecting changes in the Plan's subrogation collection practices and policies after the date that TEX. CIV. PRAC. & REM. CODE 140.001, *et seq.* became effective January 1, 2014.

(z) Please produce a copy of any and all tangible evidence reflecting the total amount of remuneration paid by the Plan and/or by UMR and/or UMR, Inc. to any Third Party, broker, agent, or UMR agent, servant and/or employee for collecting sums the Plan and/or City of Stafford asserted the Plan was owed for subrogation reimbursement in 2012, 2013, 2014 and 2015;

(aa) Please produce a true and correct copy of any tangible computer data entry, memoranda, notes made by Defendant Karen Austin as Administrator of the Plan reflecting concerns that Plaintiff Jennifer Taylor brought to the attention of the Plan in meetings with Defendant Karen Austin as Administrator of the Plan from January 1, 2012 through December 1, 2015;

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

49

(bb)   Please produce a copy of every tangible report that the Plan provided to any Committee of the City Council of the City of Stafford and/or the City Council as a governing body reflecting the practices, procedures and/or annual reports of the Plan for years 2012, 2013, 2014 and 2015;

(cc)  Please produce a copy of each written complaint by any covered City employee about concerns or complaints that the Plan was not providing adequate healthcare coverage to City employees and their dependents from January 1, 2012 through December 1, 2015.

(dd)   Please provide copies of all tangible evidence reflecting that the Plan sought competitive bids from Third Party Administrators other than UMR and/or UMR, Inc. and/or UnitedHealth Group, Inc., including each and every letter or other tangible communication soliciting a bid and each and every response form any Third Party Administrator that the Plan solicited a bid from for years 2012, 2013, 2014 and 2015.

(ee)  A copy of each and every tangible communication provided to the Plan by any lawyer, attorney or legal counsel relating to the day-to-day operations of the Plan, the Fiduciary Functions of the Administrator of the Plan, coverage decisions, decisions relating to the type of coverage to include in the Plan that would cover Plaintiff Jennifer Taylor, the Minor Plaintiffs and other covered employees and their

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

50

dependents from January 1, 2012 through December 1, 2015.

Note: The information Plaintiffs are seeking are communications from counsel to a Plan that exists for the benefits of the City's employees and their dependents and communications from any Attorney to the Administrator of the Plan as the Plan's Fiduciary and are not protected by the Lawyer-Client Privilege**.**

## REQUEST FOR PRODUCTION TO DEFENDANT KAREN AUSTIN, INDIVIDUALLY

108.   Pursuant to Tex. R. Civ. P. 194.4, Plaintiffs now serve the following Requests for Production on Defendant Karen Austin, Individually to be responded to in writing within 50 days of said Defendants being served with Notice and Citation in this lawsuit by delivering true and correct copies the following items of tangible evidence to the Offices of Plaintiffs' Attorney-in-Charge.  Plaintiffs ask that the information be produced in a paper format:

   (a)   Please provide a true and correct copy of each and every Errors and Omissions Policy insuring your for acts/and or omission, negligence or allegations of any breach of Fiduciary Duty by you as the Administrator of The City of Stafford Healthcare Benefit Plan for years 2012, 2013, 2014 and 2015;

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the ____
Civil District Court of Harris County, Texas,
(Jury Demanded)                                                                                                     51

(b) Please produce true and correct copies of all certifications, certificates of completion, or other tangible evidence reflecting your training, education and or continuing education that you have received from educational seminars, which you attended in person, or online courses that you have taken from January 1, 2012 through December 1, 2015;

(c) Please produce a copy of any certification you have received from the State of Texas, any training course for Health Plan Administrators who are Fiduciaries from January 1, 2012 through December 1, 2015.

(d) Please provide a true and correct copy of the tangible materials you relied upon in making coverage decisions relating to Plaintiff Jennifer Taylor and the Minor Plaintiffs and other covered employees of the City of Stafford and their dependents from January 1, 2012 through December 1, 2015.

## XII
## PRAYER

109.    Plaintiffs pray that Notice and Citation issue upon Defendants and upon final hearing or trial in this cause, Plaintiff have judgment against Defendant as follows:

   a)    That the Court enter a Final Judgment that Defendants as requested above in

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

52

their pleadings;

b)   That the Court grant Plaintiffs any and all relief that they have sought above, jointly and severally against Defendants;

c)   That the Court enter a Declaratory Judgment in this case and that any fact issue that the Court determines requires a finding of fact be Tried to a Jury;

d)   That the Court find that Automobile Limitation and find that it is ambiguous and unenforceable, or, alternatively void as a matter of Public Policy;

e)   That the Court order an audit and/or accounting of funds deprived Plaintiffs and Similarly situated covered City of Stafford employees and their dependents over the last five years and entertain appropriate remedies upon completion of the accounting and/or audit;

f)   That Plaintiffs be afforded a Trial by Jury in this cause;

g)   That Plaintiffs be awarded reasonable and necessary attorney's fees and all costs of this litigation for the services of the undersigned Lawyer;

h)   That the Court grant Plaintiffs any and all other relief to which they may be justly entitled either at Law or in Equity.

i)   That the Court enter a Final Judgment for Plaintiffs for their actual damages in this lawsuit in an amount between $200,000.00 (Two Hundred Thousand Dollars) and $1 Million Dollars as set out above in this pleading, including a minimum award of $200,000.00 in exemplary damages against Austin, Individually;

l)   Alternatively, without waiving any of the foregoing, the Court provide a Make Whole Remedy for Plaintiffs, reasonable compensation and damages as set

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

53

out above through its inherent and statutory Equitable Powers;

j)    That the Court award a Judgment of exemplary damages against Defendant Karen Austin for the willful, wanton and malicious conduct as set out above;

k)    That Plaintiffs be awarded prejudgment and post-judgment interest at the Maximum rate allowed by Law;

j)    Plaintiff asks for a Trial by Jury in this case and is paying a Jury Fee with the filing of this lawsuit; legal rate;

k)    Alternatively, without waiving any of the foregoing relief sought, that the Court form an appropriate equitable remedy, such as restitution of sums that Plaintiff Jennifer Taylor spent in the form of restitution due to the wrongful conduct set out In this pleading and supported by facts that will be developed through Discovery;

l)    That Plaintiffs and/or the undersigned Lawyer be awarded reasonable and necessary attorney's fees for the cost of this litigation, any for any appeal to The Honorable Court of Appeals, including Writs of Mandamus or other appellate remedies, including but not limited to interlocutory appeals; or any effort of actual appeal to The Honorable Supreme Court of Texas;

m) That Plaintiffs be awarded all and reasonable and necessary attorneys fees and cost should Defendants seek a Writ of Certiorari and for any and all appellate fees resulting from such a Writ, and all attorneys; fees and costs for an Appeal to The Supreme Court of The United States of America;

n) That the Court appoint a Receiver over the Plan as set out above and set a hearing on Plaintiffs/ Application for a Receivership and Order accelerated

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

54

n) Discovery at a Status Conference or Hearing set upon Notice to all parties after

all Defendants have answered or their Answer Date has passed;

o) That the Court find that the Automobile Insurance Limited and other significant

portions of the Plan are ambiguous as a Matter of Law;

p) That the Court hold Defendants jointly and severally liable for all of Plaintiffs'

damages, costs and attorneys' fees;

q) That each Defendant provide a complete response to Plaintiffs' Request for

Disclosure and Request for Production within 50 days of being served with

Notice and Citation and a copy of this lawsuit.

r) That the Court award Plaintiffs any and all other relief to which they may be

entitled, either at Law or in Equity.

Respectfully submitted,

\   Steven A. Wisch \

_____

STEVEN A. WISCH
STATE BAR OF TEXAS ID# 21802900
440 LOUISANA STREET, SUITE 900
HOUSTON, TEXAS 77002
(713)-882-3030 FAX: (713)-236-7778
STATE BAR NO. 21902900
E-MAIL: SWATTNY@SBCGLOBAL.NET

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

*Jennifer Taylor, Individually and A/N/F of S..T and S.T.,*
*Minor Children vs. The City of Stafford, et al,* In the _____
Civil District Court of Harris County, Texas,
(Jury Demanded)

55